Hines, J.
(concurring in part and dissenting in part, with whom Lenk and Budd, JJ., join). Although I agree that the court properly rejected the defendant’s appeal from the denial of her motion to suppress and other alleged errors, I write separately to express disagreement with the court’s resolution of the defendant’s claim that G. L. c. 6, § 178E (/), is unconstitutional as applied to her. The court spurns the defendant’s constitutional claim, taking the *514 position that no due process right is implicated by the defendant’s provision of the registration data to the Sex Offender Registry Board (SORB) and SORB’s transmission of that information to law enforcement authorities. In my view, this analytical approach fails to take the full measure of the liberty interest at stake for this defendant who, having been convicted of statutory rape under G. L. c. 265, § 23, but determined by the trial judge to present no danger to the “vulnerable” population protected by the statute, is subject to mandatory registration, with all its attendant consequences. Therefore, I dissent.
Contrary to the court’s view, the burden on the defendant’s liberty interest is not simply in having to provide her registration data to SORB and live with the consequences of having that information transmitted to law enforcement authorities. That measure for a protected liberty interest may be appropriate in circumstances where the outcome of the registration process is not fixed, as where SORB has the authority to determine that the defendant presents no risk of sexual reoffense and may be relieved of the obligation to register at all. See G. L. c. 6, § 178K (2) (el) (relief from registration based on “risk of reoffense or a danger to the public” cannot be granted to a “sex offender [who] has been convicted of a sex offense involving a child” and “has not already registered ... for at least ten years”).
Here, of course, the irrebuttable presumption of dangerousness compels at least a level one classification which imposes certain restraints on the defendant’s liberty. See Doe, SORB No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 308 (2015); G. L. c. 6, § 178K (2) (a). Where a defendant is forced to register, despite posing no danger to the community, this “presents an ‘importantly distinct kind of constitutional danger,’ because it ‘forces an action on the person required to register. It is a continuing, intrusive, and humiliating regulation of the person [her]self.’ ” Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 792 (2008) (Doe No. 8725), quoting Doe v. Attorney Gen., 426 Mass. 136, 149 (1997) (Fried, J., concurring). Even though registration data is not released publicly, the defendant will be “singled out and brought to the attention of the law enforcement agencies in the municipalities in which [she] live[s] and work[s]” because SORB immediately shares that information with local law enforcement and the FBI (citation omitted). Doe, No. 8725, supra at 791. G. L. c. 6, § 178E (c). The defendant’s ability to move from her home, *515 work, or place of higher learning is restricted because she must provide SORB ten days' notice before moving. G. L. c. 6, § 178E (h)-(j). Further, if she is a homeless person, the defendant must verify her registration every thirty days. G. L. c. 6, § 178F. The police and SORB may release the registration data of level one offenders to the Department of Children and Families, which may question the safety of the defendant's children. G. F. c. 6, § 178K (2) (a). See Adoption of Anton, 72 Mass. App. Ct. 667, 668 (2008). Thus, the defendant's liberty interest is not de minimis.
The court has come to this bridge before. In Doe, No. 8725, 450 Mass. at 785-786, the court acknowledged that, “where the record would establish ‘that Doe poses no risk at all [of reoffense]’ the application of the statutory provisions that permanently foreclose his being relieved of the duty to register may be ‘constitutionally vulnerable.’ ” Id., quoting Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 762 (2006). See Roe v. Attorney Gen., 434 Mass. 418, 445 (2001) (“While the Fegislature is justified in providing for the dissemination of registration data to law enforcement authorities when the persons the Fegislature seeks to regulate may be dangerous and at risk of committing another offense, it is not justified in doing so with respect to those persons who neither the Fegislature nor [SORB] could rationally find present a threat to vulnerable persons”). Therefore, I am persuaded that the defendant’s liberty interest is not so narrow as to forgo any consideration of due process protections. For that reason, the court should consider whether the time has come to answer the unresolved constitutional question that hangs over this case, and provide guidance for similarly situated defendants.
As I have noted above, the issue is significant for this defendant and others who are able to credibly establish that they are not dangerous to vulnerable persons. And the issue is presented here on a record that has not been challenged as lacking in credibility. Therefore, I see no reason to avoid the issue by sending the defendant on a journey where the end will be the same as the beginning. SORB has no authority to relieve her of the obligation to register. Nor does the Superior Court have such authority; the limitations on the trial judge in this case are the same as those faced by the Superior Court in a G. F. c. 30A review of the SORB classification decision. Because the issue ultimately will come to this court and the defendant has no other means to raise this *516 claim, she is entitled to a determination by this court whether the statute is unconstitutional as applied to her. Instead of sending the defendant on this futile quest for relief, this court should just decide the issue.
Notwithstanding the importance of the issue, it has not been properly briefed by the parties, making it unwise to go further than a recognition that the nature of the liberty interest at stake justifies further consideration by this court. Therefore, I would order supplemental briefing by the parties and invite amicus briefs by interested parties, including the Attorney General, and preserve the option for argument on the issue.